BROWN HOISTING & CONVEYING MACH. CO. v. KING BRIDGE CO.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1901.)

No. 825.

PATENTS—INFRINGEMENT—HOISTING AND CONVEYING MACHINES.

The Brown patent, No. 300,690, for an improvement in hoisting and conveying machines, used chiefly in unloading heavy cargoes, such as coal and ore, from vessels, and conveying the same to a distance, cannot be sustained for the invention broadly stated in the claims, which is that of providing articulate connections between the truss which carries the track of the conveyor and the piers upon which it is supported at or near either end, so as to permit the end of the truss nearest the wharf and the pier supporting it to be moved laterally without straining the parts or moving the second pier, as such jointed connection was disclosed in prior patents. If sustainable at all, the claims must be limited to the specific construction shown in the specification, and, as so limited, *held* not infringed.

On motion for rehearing. Denied.

For former opinion, see 107 Fed. 498.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. In the brief filed in support of this motion, this case is further elaborately argued. The discussion covers substantially the same grounds as those which were presented on the original hearing and have already been fully considered by the court. In these circumstances, while we have gone carefully over the case again, we see no reason for permitting a rehearing. It seems proper to observe, however, that counsel for the appellant misconceives the scope of our decision, and, because this has been possible, we conclude that we should make the matter clear. We did not determine the question of the validity of the complainant's patent. With the understanding that the court below had dismissed the bill upon the ground that the patent was invalid, we referred, arguendo, to certain considerations bearing upon that question. Those considerations were germane also to the question whether, if the patent could be sustained, it should be held that the invention was of the broad character claimed for it, or whether it should be restricted to the specific means devised by the inventor for effecting his proposed result; and by specific means we intend, of course, to include such means as are equivalent within the scope of the invention. We held that the patent could not be supported for the invention broadly stated in the claims, and that, if it could be sustained only for the means specified the defendant did not infringe. These conclusions rendered it unnecessary to determine whether the patent might be sustained for the claims as modified by reference to the means described in the specification. The motion for rehearing is denied.